```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
 VALENTIN CASILLA,                       :   15cv6816(DLC)
                       Movant,           :   98cr1248 (DLC)
                                         :
            -v-                          :
                                         :   OPINION & ORDER
 UNITED STATES OF AMERICA,               :
                       Respondent.       :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

On August 27, 2015, Valentin Casilla filed a petition to vacate his conviction, which became final in 1999. Asserting a claim of ineffective assistance of counsel, Casilla explains that he believed he had been convicted of a misdemeanor only and was not advised of the immigration consequences of a felony conviction. For the following reasons, the petition is denied.

## BACKGROUND

On November 9, 1998, Casilla was charged in a 2-count indictment. He was assigned CJA counsel. On March 25, 1999, Casilla entered a plea of guilty pursuant to an agreement with the Government ("Agreement") to Count One of the indictment. Count One charged Casilla with conspiring to commit food stamp fraud in violation of 18 U.S.C. § 371. Casilla's allocution began before a Magistrate Judge, but concluded in a lengthy proceeding before this Court. During the allocution, Casilla expressed satisfaction with defense counsel.

Before accepting his plea of guilty to Count One of the indictment, the Court advised Casilla that it carried a maximum term of imprisonment of five years and that the Agreement calculated a sentencing guidelines range of 12 to 18 months, which was not binding on the Court.  Casilla acknowledged understanding that he had waived his right to appeal or attack any sentence at or below 18 months in prison.

Casilla admitted that he had taken a large quantity of food stamps to a bank while working at a bodega, and came to understand that his conduct was part of an illegal scheme.  He admitted that he knew what he was doing was wrong and that he was helping others to violate the law.

On June 25, 1999, Casilla was sentenced principally to a year and one day in prison.  The proceeding included a lengthy description of Casilla's participation in the food stamp fraud.  This description was given in response to the Court's inquiry as to whether a minimal as opposed to minor role adjustment might be warranted.  Casilla did not appeal from his sentence, although he was advised of his right to appeal.

## DISCUSSION

Casilla's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied for two independent reasons.  It is untimely, being brought over fifteen years after his conviction.  It is also without merit.

I. Untimeliness

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, 1217 (codified at 28 U.S.C. §§ 2254, 2255 et. seq.), imposes a "1-year period of limitation" on the filing of a petition under § 2255.  28 U.S.C. § 2255(f)(1)(f).  The one-year period of limitation begins to run, as relevant to this motion, from "the date on which the judgment of conviction becomes final."  Id.

The one-year limitations period for § 2255 petitions may be equitably tolled "where the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  Casilla has made no attempt to show that he has diligently pursued his rights or that he was prevented from filing this petition by extraordinary circumstances, and none are evident from the record.  Accordingly, his petition is untimely.

II. Ineffective Assistance of Counsel

Casilla's petition asserts that his attorney provided ineffective assistance to him in several ways.  Casilla claims that he was not advised that he would face more than 12 months in prison, would be convicted of a felony, and would be subject to mandatory deportation as a person convicted of an aggravated

3

felony.  He asserts more generally that he would not have pleaded guilty but for the threats and intimidation of counsel.

The law governing ineffective assistance claims is well-established:

> To prevail on a claim of ineffective assistance of counsel, a petitioner must make two showings.  First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." Second, he must establish that he suffered prejudice— in this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Fulton v. Graham, --- F.3d ---, 2015 WL 5294878, at *5 (2d Cir. Sept. 11, 2015) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).  Effective assistance requires that counsel advise a defendant of the possible consequences of a guilty plea, including adverse immigration consequences like deportation.  Padilla v. Kentucky, 559 U.S. 356, 374 (2010). The rule announced in Padilla, however, is not retroactive: "defendants whose convictions became final prior to Padilla [] cannot benefit from its holding."  Chaidez v. United States, 133 S. Ct. 1103, 1113 (2013).

Casilla's claim that he believed he had been convicted of a misdemeanor only and did not understand that he would face imprisonment of more than 12 months is contradicted by the record.  Casilla was properly advised of his sentencing exposure at the time he entered his plea and through the Agreement.  In

4

addition, the Presentence Report, which was translated to him before his sentencing proceeding, again described the sentencing guidelines range as 12 to 18 months' imprisonment, and the statutory maximum sentence as five years' imprisonment.  Casilla made no objection when the Court imposed a sentence of one year and a day, and did not appeal from his sentence.  Accordingly, there is no basis to find that his attorney did not adequately advise Casilla that he was pleading guilty to a felony.

The record does not reveal that Casilla's attorney discussed the immigration consequences of a conviction with Casilla.  As of 1999, the year of Casilla's conviction, neither the Supreme Court nor the Court of Appeals for the Second Circuit had ruled that effective assistance of counsel required attorneys to apprise their clients of potential adverse immigration consequences.  Because Padilla -- which first announced a rule to the contrary over ten years later -- is not retroactive, Chaidez, 133 S. Ct. 1113, Casilla's claim of ineffective assistance cannot be sustained.

III. Assurance by the Court

Finally, Casilla asserts that the Court told him that he would not have to worry about the immigration consequences from his plea of guilty since the charge to which he was pleading guilty was not an aggravated felony.  This claim is denied.  A

5

careful review of the transcripts from the plea and the sentence provides no evidence of any such discussion or assurance.

## CONCLUSION

Casilla's petition of August 27, 2015 is denied. In addition, a certificate of appealability shall be not granted. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

Dated:   New York, New York
         September 30, 2015

_____
            DENISE COTE
       United States District Judge